IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

AMSOUTH BANK,

Plaintiff,

v. Case No. 05-0585-BH-B

PACE MORTGAGE AND INVESTMENT CO., INC.; UNITED STATES OF AMERICA; DISCOVER BANK; AND LEON F. STAMP, JR., AMERICAN GENERAL FINANCE SERVICES

Defendants.

**FINDINGS OF FACT; CONCLUSIONS OF LAW AND ORDER**

This action is before the Court on a motion for summary judgment (Doc. 20) filed by the United States, a defendant herein. The United States argues that its Federal tax lien primes the claim of AmSouth Bank ("AmSouth"), plaintiff herein, for attorney's fees in this case and that the United States should be awarded the residue of the interpled funds after the claims of American General Financial Services, a defendant herein, have been satisfied, plus any interest that has accrued on the interpled funds. The law requires such an outcome. The United States's motion for summary judgment is unopposed by any other party to the litigation.

**FINDINGS OF FACT**

Upon consideration of all the evidence of record, both testimonial and documentary, the Court finds the following facts to be undisputed:

1. On or about September 13, 2005, AmSouth Bank filed this interpleader case

in the Circuit Court for Baldwin County, Alabama.

2. AmSouth alleged that it had foreclosed a mortgage on property of defendant Leon Stamps (sic), interpled $13,324.46 in sales proceeds remaining after satisfaction of its indebtedness, and sought a determination of which defendant or defendants were entitled to those excess proceeds.

3. On September 13, 2005, the Baldwin County Circuit Court ordered that the interpled funds be invested in an interest bearing account.

4. AmSouth amended its Complaint to state that the United States had Federal tax liens on the foreclosed upon property.

5. Both the Complaint and the First Amended Complaint sought an award of attorneys fees to counsel for AmSouth Bank.

6. Defendant American General Financial Services ("American General") has answered, claiming lien priority over the United States pursuant to a mortgage made by Defendant Leon F. Stamp, Jr. ("Stamp"), which was assigned to American General.

7. The United States admits to that claim of lien priority by American General for the purpose of this Motion.

8. The sum of $2,398.47 is owed on the American General mortgage. When that amount is subtracted from $13,324.46, the amount of interpled funds, $10,925.99 is available to the junior claimants, including the United States. Declaration of Willie Thicklen, United States Exhibit A

9. A Notice of Federal Tax Lien was recorded against Defendant Stamp in

August 2000. United States Exhibit B.

10. As of January 1, 2006, $75,915.40 is owed on the 1998 income tax shown on that Notice. Declaration of Martha Holcomb, United States Exhibit C.

11. The amount shown as owed to American General by Exhibit A and the amount shown as owed to the United States by Exhibit C are greater than the amount of the interpled funds. In fact, the amount shown as owed to the United States alone exceeds the amount of interpled funds.

## CONCLUSIONS OF LAW

### A. Jurisdiction.

AmSouth filed its Complaint for Interpleader in the Circuit Court for Baldwin County which had jurisdiction pursuant to 28 U.S.C. § 2410(a)(5). The United States removed the case to this Court pursuant to 28 U.S.C. § 1442. The Court also has removal jurisdiction pursuant to 28 U.S.C. § 1444. As the issue of the priority of a Federal tax lien is always a Federal question, *United States v. Acri*, 348 U.S. 211, 213 (1955), there is also jurisdiction under 28 U.S.C. § 1331.

### B. Standard for Summary Judgment.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tidmore Oil Co. v. BP Oil Co./Gulf Prods. Div.*, 932 F.2d 1384, 1387-88 (11th

Cir.), *cert. denied*, 502 U.S. 925 (1991); *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987). The nonmoving party may not rest on mere allegations. *Moses v. American Nonwovens, Inc.*, 97 F.3d 446, 447 (11th Cir. 1996), *cert. denied*, 519 U.S. 1118 (1997). The nonmoving party must come forward with evidence that is "significantly probative," in the sense that it creates an issue which may not be resolved until the trier of fact has the opportunity to assess the credibility of the witnesses. *Liberty Lobby*, 477 U.S. at 250; *Sintz*, 197 B.R. at 354.

**C. AmSouth's claim for attorneys fees and costs.**

AmSouth is not entitled to costs or attorney's fees to the extent such a recovery is in derogation of the Federal tax lien. *United States v. Liverpool & London & Globe Ins. Co., Ltd.*, 348 U.S. 215, 217 (1955); *United States v. R.F. Ball Constr. Co., Inc.*, 355 U.S. 587, 588 (1958); *Cable Atlanta, Inc. v. Project, Inc.*, 749 F.2d 626, 627-28 (11th Cir. 1984); *Spinks v. Jones*, 499 F.2d 339, 340 (5th Cir. 1974); *In re Garcia*, 2002 WL 31409580 at 7 (S.D. Fla. Sep. 6, 2002).

AmSouth requested the Court to award a reasonable attorney's fee and court costs out of the interpled funds to reimburse Plaintiff for bringing this action which is explicitly allowed under Alabama Rule Civil Procedure Rule 22(c).[1] However, after removal the action is governed by Federal law. *Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1287 (11th Cir. 1985).

[1] As the United States points out, this action was originally brought in state court.

The relative priority of the lien of the United States for unpaid taxes is always a Federal question. *Acri*, 348 U.S. at 213; *Militello v. Bardell*, 970 F. Supp. 1022, 1027 (M.D. Fla. 1997). Under Federal law, payment of the Federal tax lien must be made before AmSouth Bank's attorneys fees and costs may be made.

It is undisputed that the United States has a Federal tax lien against defendant Leon F. Stamp, Jr. *See*, United States Exhibits B and C. A Federal tax lien attaches to **all** of the tax debtor's property and right to property, both real and personal, on assessment of the tax. 26 U.S.C. § 6321; *United States v. National Bank of Commerce***,** 472 U.S. 713, 719-20 (1985); *Glass City Bank v. United States*, 326 U.S. 265, 267 (1945).

Generally, the rule for payment of lien claims is "first in time, first in right," *United States v. McDermott*, 507 U.S. 447, 449 (1993). *See*, *In re Haas*, 31 F.3d 1081, 1084-86 (11th Cir. 1994). All parties other than the interpleader Plaintiff AmSouth and American General have disclaimed any interest in the fund, and the United States is senior to all these other parties. The United States has shown that it is entitled to be paid ahead of AmSouth's claim for attorney's fee and costs. Consequently, the United States is entitled to be paid $10,925.99, the amount of the interpled fund after satisfying the claim of American General in the amount of $2,398.47, plus any interest that has accrued on the interpled funds.

## CONCLUSION AND ORDER

For the reasons stated above, it is **ORDERED** that the United States's motion for summary judgment be and is hereby **GRANTED** in that it is hereby declared that

AmSouth's attorney's fees and costs may not be paid in derogation of the Federal tax lien, and that **JUDGMENT** be entered in favor of American General in the amount of $2,398.47, and in favor of the United States in the amount of $10,925.99 plus any interest that has accrued on the interpled funds. No costs are to be taxed. The Clerk of the Court is hereby directed to distribute the interpled funds in accordance with this order upon receiving written demand from the United States and American General which identifies the individual or entity to whom payment is to be made and the address of same, in addition to providing all requisite tax identification or social security numbers.

**DONE** this 30th day of January, 2006.

s/ W. B. Hand
SENIOR DISTRICT JUDGE